**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DANIEL GREAGOR,

        Plaintiff,

vs.                            CASE NO.: 3:24-cv-1309-MMH-LLL

JACKSONVILLE SHERIFF'S OFFICE;
TIMOTHY KEVIN WATERS, in his
official capacity as Sheriff of the
Consolidated City of Jacksonville, Florida;
CECIL A. GRANT, III, Individually;
And MICHAEL DUNNEBECK, Individually,

        Defendants.
_____/

## DEFENDANT CECIL A. GRANT III'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendant, CECIL A. GRANT, III, pursuant to Rules 8, 10, and 12, Federal Rules of Civil Procedure, moves the Court to dismiss Plaintiff's Complaint on the following grounds:

1. Plaintiff's complaint fails to comply with the pleading requirements set forth in Rules 8 and 10 and fails to state valid claims for assault, battery, or intentional infliction of emotional distress ("IIED") against Defendant.

2. The Complaint improperly combines the distinct torts of assault and battery into a single count and further asserts those claims jointly against multiple defendants without identifying which Defendant committed which act. For example,

"Count IV: Assault and Battery Under Florida Law…Defendants Grant and Dunneback … intentionally and unlawfully assaulted and battered Plaintiff." [ ¶ 25-26]. These defects fail to provide adequate notice to Defendant and render the claim deficient under Rule 12 (b)(6), Federal Rules of Civil Procedure.

3. As to IIED, Plaintiff fails to allege facts supporting the required elements under Florida law. The Complaint does not allege extreme and outrageous conduct, intent, causation, or severe emotional distress.

4. The Complaint constitutes an impermissible shotgun pleading – it groups Defendants together and asserts multiple causes of action collectively, without separating legal theories or saying which Defendant is responsible for which alleged conduct.  For example, "Count IV: Assault and Battery Under Florida Law…Defendants Grant and Dunneback … intentionally and unlawfully assaulted and battered Plaintiff."  [ ¶ 25-26]. Furthermore, "Count V: Intentional Infliction of Emotional Distress Under Florida Law…Defendants Grant and Dunneback…engaged in extreme and outrageous conduct … causing him severe emotional distress … Defendants' conduct was intentional and reckless … as a direct and proximate result of Defendants' conduct." [¶ 26-27]

WHEREFORE, based on the reasons stated above, along with the arguments contained in the Memorandum of Law below, Defendant respectfully requests the

Court grant this Motion, dismiss Plaintiff's Complaint, and provide any further relief deemed just and proper.

## MEMORANDUM OF LAW

### I. The Complaint Fails to State a Claim upon which Relief May Be Granted.

To state a valid cause of action, a pleader is required to assert a short and plain statement of the claim establishing he is entitled to relief. Fed. R. Civ. P. 8(a)(2). Labels and legal conclusions, standing alone, are insufficient to state a valid cause of action. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Ainsworth v. City of Tampa, No. 8:10-cv-293-T-23TGW, 2010 U.S. Dist. LEXIS 54742, at *21 (M.D. Fla. June 2, 2010) (noting that legal conclusions can form the overall framework for a Complaint, but there must be factual allegations in order for a claim to proceed). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal citations and

internal quotation marks omitted).

Therefore, to survive a motion to dismiss, a plaintiff's complaint "must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" ADA v. Cigna Corp., 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss under this plausibility standard, courts follow a two-pronged approach. First, a court must "eliminate any allegations in [a] complaint that are merely legal conclusions." Id. at 1290 (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). Then, a court must take any remaining well-pled factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. (citing Iqbal, 129 S. Ct. at 1950) (internal quotation marks omitted). In sum, Rule 8's pleading standard "does not require 'detailed factual allegations,' but demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555).

In the present case Plaintiff fails to plead essential elements for all claims (assault, battery, IIED), the Complaint should be dismissed under Rule 12 (b)(6).

**a. Assault and Battery are Two Distinct Torts with Different Sets of Elements – Which are not Pled.**

In Florida, "the tort of assault involves 'the apprehension of immediate, harmful or offensive contact with the plaintiff's person, caused by acts intended to result in such contacts, or the apprehension of them, directed at the plaintiff or a third

person." Winters v. Ranum, 2017 U.S. Dist. LEXIS 84477, *7-8 (M.D. Fla. June 2, 2017) (quoting Doe v. Evans, 814 So. 2d 370, 379 (Fla. 2002)). The intentional tort of battery has two elements: (1) "inten[t] to cause a harmful or offensive contact," and (2) a resulting "offensive contact with the person of the other." City of Miami v. Sanders, 672 So. 2d 46, 47 (Fla. 3d DCA 1996).

Plaintiff identifies his Cause of Action as "Assault of Battery Under Florida Law". See, generally, Pl's Compl., ¶¶ 77 – 83.  Plaintiff's pleading *does* assert factual allegations. id.*,* ¶¶ 77-80*.* However, Plaintiff does not make factual allegations to support causes of action for intentional torts of assault or battery. Plaintiff does not separate the elements for each tort, sufficiently differentiate the alleged actions of multiple defendants, or at the very least, set forth the necessary fact-pleading to support the legal elements for two different torts. In fact, Plaintiff makes a single legal conclusion, rather than setting forth the required legal elements to support his claims. See id., ¶ 81 ("Defendants Grant and Dunneback, while acting within the scope of their employment with JSO, intentionally and unlawfully assaulted and battered Plaintiff by using excessive and unnecessary force against him.").

Due to his failure to set forth the necessary elements for assault and battery, Plaintiff's Complaint fails to properly place Defendant on notice of the extent of

claims brought against him, individually. For this reason, Plaintiff's Complaint must be dismissed.

## II.   Plaintiff Did not Plead the Necessary Elements for IIED

To state a claim for IIED under Florida Law, a plaintiff must allege: (1) deliberate or reckless infliction of mental suffering, (2) by outrageous conduct (3) which conduct of the defendant caused the suffering; and (4) the suffering must have been severe. Hart v. United States, 894 F.2d 1539, 1548 (11th Cir. 1990); Dependable Life Ins. Co. v. Harris, 510 So. 2d 985, 986 (Fla. 5th DCA 1987).

To meet the "outrageous conduct, the alleged behavior must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency … regarded as atrocious, and utterly intolerable in a civilized community." Ponton v. Scarfone, 468 So. 2d 1009, 1011 (Fla. 2d DCA 1985) (quoting Metropolitan Life Ins. Co. v. McCarson, 467 So. 2d 277, 278–79 (Fla. 1985)).

In this case, Plaintiff alleges that Defendants punched him in the face and chest, causing him to fall backward, and that the officers continued to punch while he retreated and shielded himself. Even accepting these allegations as true, courts applying Florida law have consistently held that isolated incidents of excessive force, even involving physical strikes, do not rise to the level of "outrageous conduct." For example, in Geidel v. City of Bradenton Beach, the court dismissed an IIED claim despite extremely violent allegations. Geidel v. City of Bradenton

Beach, 56 F. Supp. 2d 1359 (M.D. Fla. 1999). There the officers entered a home without a warrant, threw the plaintiff to the ground, tackled him, jerked the plaintiff's body from side to side and up and down while dragging him to the police car, and slammed his body into a control car repeatedly. 56 F. Supp. 2d 1359, at 1363. Additionally, the defendant pushed the co-plaintiff out of the way and struck her in the face to get back into the house that they had no warrant to go into. Id. at 1363. Furthermore, the defendants left plaintiff shackled face-down on the concrete for 40 minutes and threatened to lock up Plaintiffs son in HRS custody. Id. at 1364. Even accepting all those facts as true, the court held: "In light of this incredibly high standard, Plaintiffs have failed to establish the requirements in their Complaint to allege that Defendants … intentionally inflicted emotional distress upon Plaintiffs." Id. at 1368.

     Compared to Geidel, the alleged conduct in this case presents in a less extreme fashion. Furthermore, it does not involve prolonged abuse, threats to family members, or excessive humiliation. Plaintiff also fails to allege any facts showing the severity of the emotional distress suffered, such as a diagnosis, medical treatment, or interference with daily life.

     Additionally, Plaintiff alleges that Defendants used excessive force and unlawfully arrested him and summarily states that this conduct caused "severe emotional distress," these are bare legal conclusions. (¶ 27). The Complaint does not

include any factual allegations showing what the emotional distress entailed or how it was severe, such as on going symptoms, treatment, or interference with daily life.

Because Plaintiff has not pled facts that meet Florida's high standard for either outrageous conduct or severe emotional distress, the IIED claim should be dismissed,

### III. Plaintiff's Complaint Violates Rule 10 and is Tantamount to a Shotgun Pleading.

Plaintiff has commingled separate and distinct claims against multiple Defendants in the Complaint. Rule 10(b), Federal Rules of Civil Procedure, provides, in pertinent part, that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Additionally, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." Fed. R. Civ. P. 10(b). Plaintiff's claims against the Defendants involve distinct actors and events. Thus, as these are legally distinct claims, involving legally distinct analyses, Plaintiff's claims should be addressed in separate counts. Accordingly, the Complaint should be dismissed.

"The Eleventh Circuit Court recognizes several types of impermissible 'shotgun' pleadings, one of which includes 'asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.'"

See Miller v. Gov't Emples. Ins. Co., 2020 U.S. Dist. LEXIS 83390, *3 (M.D. Fla. May 12, 2020) (quoting Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1320-23 (11th Cir. 2015)). The problem with this practice, as with all shotgun pleadings, "is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.

Here, the Plaintiff improperly lumps multiple claims together (assault and battery) and then asserts them jointly against multiple defendants. Plaintiff fails to distinguish which defendant engaged in which conduct. This is a textbook shotgun pleading, which the Eleventh Circuit has repeatedly held to be improper. Accordingly, Plaintiff's Complaint must be dismissed.

## CONCLUSION

Defendant respectfully requests the Court grant its Motion, dismiss Plaintiff's Complaint, and provide any further relief deemed just and proper.

## RULE 3.01(g) CERTIFICATION

Pursuant to Rule 3.01(g), of the Local Rules of the United States District Court for the Middle District of Florida, Defendant's counsel attempted to confer on the relief sought in this Motion with the Plaintiff's counsel prior to the responsive pleading deadline. However, Plaintiff's counsel was unavailable prior to filing

deadline for conferral. Pursuant to Local Rule 3.01(g)(3), Defendant's counsel will supplement upon conferral with Plaintiff's counsel.

Dated: June 3, 2025.

/s/ Alison H. Sausaman
Alison H. Sausaman, Esq.
Florida Bar No. 112552
Andrew J. Hensch, Esq.
Florida Bar No. 1021505
CARR ALLISON
200 W. Forsyth Street, Suite 600
Jacksonville, Florida 32202
Telephone: (904) 328-6456
Facsimile: (904) 328-6473
Email:
asausaman@carrallison.com
ahensch@carrallison.com
Secondary Email:
mbuckley@carrallison.com
swright@carrallison.com
*Attorneys for Defendant Cecil A. Grant III*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on Tuesday, June 3, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide a notice of electronic filing and a copy of the foregoing to the following:

Charles Fletcher, Esq.
Fletcher, P.A.
4237 Salisbury Rd. Ste. 209
Jacksonville, FL 32216
Primary Email:
Fletcherlaw115@gmail.com
*Attorneys for Plaintiff*

/s/ Alison H. Sausaman
Alison H. Sausaman
Florida Bar No. 112552
*Attorneys for Defendant Cecil A. Grant III*