UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANIEL GREAGOR,

    Plaintiff,

v.                                    Case No.: 3:24-cv-01309-MMH-LLL

JACKSONVILLE SHERIFF'S OFFICE;
TIMOTHY KEVIN WATERS, et al.,

    Defendants.
_____/

## MICHAEL DUNNEBACK'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, MICHAEL DUNNEBACK, by and through the undersigned attorney files this Answer and Affirmative Defenses to the Complaint and demand for jury trial in the above-referenced case. Dunneback denies all allegations not specifically admitted and would demand strict proof thereof at trial.

As to each numbered paragraph, Dunneback states:

### Parties, Jurisdiction and Venue

1. This is a prefatory paragraph that does not require a response.

2. Admitted for jurisdictional purposes; otherwise, denied.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted that Waters is the Sheriff of the City of Jacksonville, FL; otherwise, denied as framed.

## Factual Allegations

11. Body worn camera footage speaks for itself; otherwise denied.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Body worn camera footage speaks for itself; otherwise, denied.

17. Body worn camera footage speaks for itself; otherwise, denied.

18. Body worn camera footage speaks for itself; otherwise, denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Body worn camera footage speaks for itself; otherwise, denied.

31. The police report speaks for itself; otherwise, denied.

32. Admitted that Grant resigned; otherwise, denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Without knowledge; therefore, denied.

55. Without knowledge; therefore, denied.

56. This numbered paragraph is omitted from the Complaint.

## Count One
### Excessive Force in Violation of the Fourth Amendment (42 U.S.C. § 1983)

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## Count Two
**False Arrest in Violation of the Fourth Amendment (42 U.S.C. § 1983)**

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## Count Three
**Failure to Train and Supervise (42 U.S.C. § 1983)**

70–76. This count does not assert a cause of action against Dunneback; therefore, no response is required. To the extent the allegations are intended to pertain to Dunneback, they are denied except where specifically admitted herein above.

## Count Four
**Assault and Battery Under Florida Law**

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

5

82. Denied.

83. Denied.

## Count Five
## IIED Under Florida Law

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied that Plaintiff is entitled to any such relief.

## Prayer for Relief

92. Denied that Plaintiff is Entitled to any of the relief sought.

## Affirmative Defenses

93. Dunneback was, at all times mentioned in Plaintiff's Complaint, an appointed and acting officer of the City of Jacksonville and peace officer of the State of Florida, and that at all times herein mentioned, was engaged in the performance of his regularly assigned duties as a police officer.

94. As a further and separate defense, Dunneback alleges that at all relevant times, he acted in good faith, without malice, and within the scope of his duties, and in a manner which he reasonably believed was necessary and consistent with applicable law and is therefore entitled to immunity, pursuant to §768.28, Florida Statutes.

95. As a further and separate defense, Dunneback alleges that pursuant to *Harlow v. Fitzgerald*, 102 S. Ct. 2727 (1982), he enjoys the defense of qualified immunity and is immune from liability because he acted within his discretionary authority in an objectively reasonable manner, in good faith, and entertained an honest, reasonable belief that his actions were necessary and did not violate clearly established law.

96. As a further and separate defense, Dunneback alleges that the Complaint fails to state a cause of action against him.

97. As a further and separate defense, Dunneback alleges that Plaintiff was actually guilty of felony and/or misdemeanor criminal offenses; thus, Plaintiff's damages, if any, are nominal only and should otherwise be reduced as a result.

98. As a further and separate defense, Dunneback alleges that the incident and damages alleged in this action were caused or contributed to by the negligence of third parties for which Dunneback was not legally responsible, and

he is therefore entitled to an apportionment of fault.

99. As a further and separate defense, Dunneback alleges that Plaintiff failed to mitigate damages and, by his failure, has contributed to the extent of the injuries he claims and, accordingly, damages should be barred or reduced in proportion to said failure.

100. As a further and separate defense, Dunneback alleges that Plaintiff's asserted damages are the result of criminal acts, negligence, or carelessness of Plaintiff, and any such damages are barred and should be reduced by the doctrine of comparative negligence.

101. As a further and separate defense, Dunneback alleges that Plaintiff has received, or is entitled to receive, or may in the future receive, compensation for injuries and damages sustained from collateral sources and Dunneback claims a setoff for said compensation.

102. Dunneback adopts any defenses filed by a co-defendant that inures to his benefit.

## Request For Jury Trial

103. Dunneback respectfully requests a trial by jury on all issues triable.

Respectfully submitted,

**PAUL DARAGJATI PLC**

/s/   Paul A. Daragjati
PAUL A. DARAGJATI, ESQ.
Florida Bar No. 713813
Georgia Bar No. 491830
Paul @daragjatilaw.com
ROSE DARAGJATI SZIKSZAY, ESQ.
Florida Bar No. 1025106
Rose @daragjatilaw.com
4745 Sutton Park Court
Suite 503
Jacksonville, FL 32224
Telephone:   (904) 379-4117
Fax:              (904) 379-7108
*Counsel for Dunneback*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on June 4, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will provide an electronic copy to all attorneys of record.

    */s/ Paul A. Daragjati*
    *Counsel for Dunneback*

9